**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LUIS ALBERTO AGRESOTT TORRES,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,[1]<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03062-SHL-cgc |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 17, 2026, pro se Petitioner Luis Alberto Agresott Torres filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 1.) Mr. Agresott Torres states that he is a citizen of Colombia who "has been physically present in the United States for approximately three years and 326 days as of the date of his arrest," having entered the country in or around September 2022 "without being inspected or admitted." (Id. at PageID 2–3.) He contends that he "voluntarily presented himself to ICE because he was complying with reporting requirements," and "[d]uring that appointment, ICE arrested [him] and took him into immigration custody." (Id. at PageID 3.) He states that he has no criminal convictions, history,

[1] The only proper Respondent in this action is Christopher Bullock, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement. See Rosciszewski v. Adducci, 983 F. Supp. 2d 910, 913–14 (E.D. Mich. 2013) ("[T]he ICE District Director is the proper respondent in a habeas petition brought by an alien, since the District Director has power over such aliens."). Accordingly, the Facility Administrator of the West Tennessee Detention Facility is dismissed from the case, and Christopher Bullock is added.

or record "that would make him a danger to the community." (Id.) Lastly, Mr. Agresott Torres states that his detention "must also be considered in light of his history and his fear of persecution if returned to Colombia." (Id. at PageID 4.) He "previously prepared a written declaration in support of his application for political asylum," detailing the "threats and persecution arising from armed groups and guerilla activity in Colombia." (Id.) He seeks, among other things, an individualized bond hearing before an immigration judge, or immediate release "[i]f Respondents cannot establish lawful authority for Petitioner's continued detention." (Id. at PageID 8.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 5)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 31st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE