**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LUIS ALBERTO AGRESOTT TORRES,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, Immigration and Customs Enforcement,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03062-SHL-cgc |

**ORDER DENYING PETITION AND DISMISSING CASE AS MOOT**

On August 17, 2026, Petitioner Luis Alberto Agresott Torres filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his immigration detention without a bond hearing. (Id. at PageID 1.) Petitioner states that he entered the United States in 2022. (Id. at PageID 2–3.) On August 12, 2026, he was taken into custody by immigration officers when he appeared at an immigration check-in appointment. (Id. at PageID 3.) He seeks, among other things, a bond hearing or immediate release. (Id. at PageID 8.)

Petitioner was briefly in Respondent Christopher Bullock's custody at the West Tennessee Detention Facility in Mason, Tennessee. (Id. at PageID 8.) However, on the same day he was arrested, Petitioner accepted a voluntary departure offer, and his departure was executed on August 19 when Petitioner was sent to his home country of Colombia. (ECF No. 7 at PageID 19–20.)

In his response, filed September 4, 2026, Respondent argues that Petitioner's habeas petition should be dismissed as moot because Petitioner has been removed from the United States. (Id. at PageID 20.)

At the time of the Petition's filing, Petitioner was not detained under § 1225, but under 8 C.F.R. § 240.25, so he was not unlawfully detained and thus is ineligible for habeas relief. See 8 C.F.R. § 240.25(b) ("The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including the posting of a bond, continued detention pending departure, and removal under safeguards."). In fact, presently, he is not detained at all. Because it was already previously decided, by both Parties, that Petitioner was to be removed from the United States, the habeas relief he requests in the Petition is **MOOT**. Therefore, the Petition is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 10th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE